United States v. Mitrow

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-3456

ROBERT T. MADISON, a/k/a SEALED
DEFENDANT 1, MATTHEW J. MITROW,
         Defendants,

MICHAEL J. MITROW, JR.,
         Defendant-Appellant

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          CHETAN A. PATIL, Shapiro Arato
                        LLP, New York, New York

1

(Alexandra A.E. Shapiro, on the brief).

**FOR APPELLEE:** ALEXANDER P. ROBBINS, for The Department of Justice (Caroline D. Ciraolo, S. Robert Lyons, Gregory Victor Davis, on the brief).

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael Mitrow appeals from the judgment of the United States District Court for the Southern District of New York (Engelmayer, J.) imposing restitution in connection with his plea agreement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the district court's factual determination that there was an implied quid pro quo was not clear error.

Mitrow is the former president of Access Communications ("Access"), a pharmaceutical marketing company. He was indicted for committing several frauds while running Access, and he reached a plea deal with the United States Attorney's Office for the Southern District of New York in 2014 to

2

plead guilty to two of the seven counts charged against him. He did not plead guilty to the honest services fraud count in the indictment, but the plea deal provided that he would owe restitution for any losses in connection with the honest services count if the district court found any such losses.

Mitrow's alleged honest services fraud involved Robert Madison, owner of a printing company called Creative Press, and fifteen checks Madison wrote for Mitrow's benefit. Access used Creative Press to print materials for much of its direct marketing campaigns, and Access in turn provided the vast majority of Creative Press's business. At Mitrow's direction, Madison wrote checks totaling $1,468,259.43 to: 1) private jet companies to which Mitrow personally owed money; 2) an LLC personally controlled by Mitrow; and 3) an LLC controlled by Mitrow's paramour's husband. Five of the fifteen checks exceeded $100,000. Mitrow did not disclose his receipt of the funds to Access, and Madison channeled most of the payments through another entity he controlled (rather than through Creative Press) to avoid detection. Madison was also charged with honest services fraud in connection with these payments, and he pleaded guilty to the charge.

The district court conducted a five-day Fatico hearing on several issues, after which the court found that Mitrow

3

had committed honest services fraud in connection with the checks he received from Madison, and that he owed Access the amount of those checks in restitution.[1] The key finding was that there was an implied quid pro quo between Madison and Mitrow, i.e., that the payments were made in exchange for Mitrow steering future Access business to Madison.

Honest services fraud requires a quid pro quo, and that quid pro quo may be implied. McDonnell v. United States, 136 S. Ct. 2355, 2371 (2016) ("The agreement need not be explicit."). Mitrow only challenges the district court's factual finding that a quid pro quo was implied. The district court was only required to make that finding by a preponderance of the evidence, and we review it for clear error. United States v. Irving, 554 F.3d 64, 72 (2d Cir. 2009).

Ample evidence supported the finding of an implied quid pro quo. The checks in question were extremely large by any measure, and especially in comparison with Creative Press's own revenues; they were written to parties identified by Mitrow, when Mitrow so directed, and in amounts he specified; both Madison and Mitrow took steps to keep the

---

[1] Mitrow does not appeal other findings made after the Fatico hearing which bear on sentencing and restitution owed the IRS.

4

payments secret; and Mitrow had at least some degree of influence over how much business Access would send to Creative Press.

Mitrow's claims--that the checks were given in exchange for nothing, that Madison was merely trying to build a relationship with Mitrow, and that Madison had no fear of losing any of Access's business--do not withstand scrutiny. At the very least, the district court did not commit clear error in finding that small companies do not write multiple, secret $100,000-plus checks to LLCs personally owned by the CEO of their largest client and the CEO's paramour in exchange for nothing.

For the foregoing reasons, and finding no merit in Mitrow's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
